# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# Civil Case No. 2:11-cv-00009-MR
# [Criminal Case No. 2:07-cr-00039-MR-5]

| | |
|---|---|
| GAVIN COLVIN,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of the Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2007, Petitioner and four others were charged by the grand jury in this District with one count of conspiracy to possess and distribute at least 500 grams of a substance containing methamphetamine, all in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). [Criminal Case 2:07-cr-00039-MR, Doc. 1: Indictment]. The Indictment further charged that at least 500 grams of methamphetamine was foreseeable to each of the defendants charged in the conspiracy.

Petitioner elected to plead not guilty and he was later tried and convicted by a jury following a two-day trial, the Honorable Lacy H. Thornburg presiding. Although the jury found that Petitioner was not personally involved in the distribution or possession of methamphetamine, the jury found that Petitioner was guilty of the conspiracy charge and that the distribution and possession at least 500 grams of methamphetamine was reasonably foreseeable to Petitioner and in furtherance of the conspiracy. [Id., Doc. 78: Jury Verdict].

The probation officer prepared a presentence report (PSR) in advance of the sentencing hearing. Petitioner, though counsel, filed two objections which are relevant to his § 2255 motion. First, Petitioner objected to the PSR's recommendation of a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1, cmt. n.4(B).[1] In his second objection, Petitioner argued that he should be entitled to a downward departure based, in part, on the jury's finding that he was not personally

---

[1] The Court may apply a two-level increase for obstruction of justice for providing false testimony, so long as the application does not serve to punish a defendant for merely exercising his right to testify. See, e.g., U.S.S.G. § 3C1.1, cmt. n.2; United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995). Here, the probation officer found that Petitioner committed perjury during his trial when he (1) testified that he had not purchased methamphetamine for a co-conspirator, Philip Denton; (2) denied that he had supplied Denton with any illicit narcotics; (3) denied buying two to four ounces of methamphetamine, citing his lack of resources at the time of the alleged purchase; and (4) denied being supplied methamphetamine by an individual named Nate from Atlanta. [Id., Doc. 107: PSR ¶¶ 23, 30].

involved in the distribution and possession of at least 500 grams of methamphetamine. [Id. at 18].

Petitioner's statutory range of imprisonment was not less than 5 years nor more than 40 years' imprisonment. Based on a total offense level of 32 and a Level I criminal history category, his guideline range was 121 to 151 months. [Id. 31, 43, 65-66]. The PSR noted that if Petitioner's objection to the obstruction enhancement was sustained, his total offense level would decrease to 30, therefore yielding a guideline range of 97 to 121 months. [Id.].

On November 25, 2008, Petitioner appeared for his sentencing hearing. At the hearing, Petitioner's counsel objected to the obstruction enhancement contending that to apply the two-level increase could deter a defendant from choosing to testify in his own defense. The Government responded by noting that all defendants should be dissuaded from presenting false testimony and that the two-level increase was warranted because Petitioner's testimony was rebutted by ample evidence. The Court overruled Petitioner's objection to the obstruction enhancement after finding by a preponderance of the evidence that Petitioner's testimony during trial was untruthful and his motion for a downward departure was

denied. [Id., Doc. 137: Sentencing Tr. at 6-7]. Petitioner was then sentenced to a term of 121 months' imprisonment.

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner raised only two issues: first, that the trial court erred in limiting his counsel's cross-examination of Government witnesses; and second, that the trial court erred in admitting certain testimony by an investigating officer regarding pre-trial statements of Government witnesses. The Court rejected both arguments and affirmed his judgment.

Petitioner then filed the present motion to vacate pursuant to 28 U.S.C. § 2255.[2] Petitioner presents two claims for relief in this collateral proceeding which will be examined herein.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and

---

[2] This habeas proceeding was assigned to the undersigned following Judge Thornburg's retirement.

concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Generally speaking, a petitioner is procedurally barred from presenting a claim in a collateral proceeding if he failed to raise it on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal citations and quotation marks omitted). Claims that were not raised on direct appeal are deemed procedurally defaulted unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

In his motion to vacate, Petitioner appears to challenge the subject matter jurisdiction of this Court to sentence Petitioner in the manner that it did. In his first claim, Petitioner argues that "the district court lacked subject matter jurisdiction to expose[ ] the defendant to a sentence under the statutory penalty provision of Title 21 U.S.C. (b)(1)(A) [sic] for a statutory

5

penalty provision conviction under Title 21 U.S.C. 841(b)(1)(C) of the Comprehensive Drug Abuse Prevention and Control Act of 1970." [Doc. 1 at 9].[3] In his second claim, Petitioner argues that "the district court lacked subject matter jurisdiction to impose a penalty upon the defendant for obstruction of justice 'perjury' that was not charged in the indictment pursuant to an act of Congress or proven by beyond a reasonable doubt by a jury." [Id. at 11].

The procedural default rule is generally inapplicable to claims challenging the subject matter jurisdiction of the court. "The principle that a defect bearing on the court's jurisdiction cannot be procedurally defaulted appears to be an extension of the notion that jurisdictional errors are not waivable and can be raised at any time." Smith v. United States, 845 F.Supp. 1288, 1293 (S.D. Fla. 2012). This exception for challenges for jurisdictional errors, however, is "limited to errors that actually affect the court's subject matter jurisdiction, or its power to adjudicate a case." Id. (citing United States v. Burch, 169 F.3d 666, 668 (10th Cir. 1999)).

---

[3] While Petitioner argues this issue as a misapplication of 21 U.S.C. § 841(b)(1)(C), Petitioner was neither charged under § 841(b)(1)(C) nor sentenced under that provision. His charge and conviction are pursuant to 21 U.S.C. § 846, which sets the statutory range of imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A)(viii). The sentence given (121 months) is squarely within that statutory range (five to twenty years). If Petitioner intended something more by this reference to § 841(b)(1)(C), it is indecipherable from his filings with this Court.

While Petitioner attempts to couch his claims in terms of challenging the Court's subject matter jurisdiction, this characterization is a misnomer. The subject matter jurisdiction of this Court is derived from 18 U.S.C. § 3231, which grants the federal courts original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; see also Hugi v. United States, 164 F.3d 378, 380-81 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") (internal quotation marks omitted). Here, Petitioner's claims are not directed to any error actually affecting the Court's power to exercise jurisdiction over this case. Indeed, any such claim would be meritless, as the Indictment clearly charges Petitioner with a violation of federal criminal statutes for which the Court can properly exercise its jurisdiction pursuant to § 3231. Because Petitioner's claims are not jurisdictional in nature, they are subject to the procedural default rule and will be deemed procedurally barred unless Petitioner can demonstrate cause and actual prejudice resulting from the errors or that a miscarriage of justice would result from the refusal to entertain his motion.

Here, Petitioner offers no reason why he did not assert these claims on direct appeal, and he offers no cause to excuse his procedural default. Further, Petitioner has not shown that any miscarriage of justice would result if these claims were dismissed. Because Petitioner failed to avail himself of his right to present these arguments on direct review, and finding no miscarriage of justice, the Court concludes that Petitioner is procedurally barred from presenting these claims on collateral review.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion presents no meritorious claims for relief and it will be denied and dismissed.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 31, 2014

Martin Reidinger
United States District Judge